HUBBARD *v.* AUDITOR GENERAL.

120    505
d122    604

120    505
123    512

120    505
136    ¹692

120    505
137    ³ 66

120    505
143    ⁴627
144    ¹ 47

1. TAXES—VOID SALE—CERTIFICATE OF ERROR—MANDAMUS.
   Where a void tax deed has been issued, and the original owner applies to the auditor general for a certificate of error, tendering the full amount of the tax, he is entitled to such certificate, and, if the auditor refuses to issue it, *mandamus* will lie to compel him to do so.

2. SAME — PURCHASE OF STATE TAX LANDS — ACCEPTANCE OF CHECK AS PAYMENT.
   The fact that the auditor general sees fit to accept a check in payment for state tax lands is not a matter of which the original owner can complain, where the check is afterwards paid; and in such case the payment will be deemed to have been made as of the time of the receipt of the check.

3. SAME—INSUFFICIENT DEPOSIT—RIGHTS OF APPLICANT.
   An applicant to purchase state tax lands, who deposits an amount insufficient to cover all of the descriptions applied for, is not entitled to deeds for the several descriptions in the order named in his application, where there is nothing to indicate that he intended to take a part of the lands if he could not obtain them all.

4. SAME—PAYMENT OF TAX LIENS—VOID DEED.
   Under section 84 of the tax law of 1893 (Act No. 206, Pub. Acts 1893), requiring a purchaser of state tax lands to pay all taxes remaining a lien thereon at the time of his purchase, one who pays a part of the price to the auditor at the time of making his application to purchase, and the balance on a subsequent day, is bound to pay any tax that has become a lien upon the land in the interim, in default of which the deed issued to him is void.

*Mandamus* by Frank W. Hubbard and James O. Wallace to compel Roscoe D. Dix, auditor general, to issue a certificate of error. Submitted February 15, 1899. Writ granted July 5, 1899.

The petition alleges that relators are the owners of the S. E. ¼ of section 30, township 16 N., range 13 E., being

in the township of Verona, Huron county; that on November 30, 1896, William A. Garner and George F. Brown filed a written application with the respondent for the purchase of six descriptions of land, of which the description above is the first; that at the time said Garner and Brown deposited with the auditor general their personal check for $100, to be applied upon the purchase of said lands; that they were then informed by the auditor general that the total amount due was $176.39; that on December 1, 1896, Brown and Garner sent from Flint to the auditor general a check for $76.39, balance due; upon information, that neither of said checks was cashed by the auditor general until after December 2, 1896; upon like information, that it was not the custom of the auditor general to accept personal checks as cash upon application to purchase state tax lands; that on December 31, 1896, the auditor general wrote Garner and Brown, accounting for the $176.39, and returning to them $35.74, that amount being the excess over the taxes due; that a tax deed was issued to Garner and Brown, dated December 28, 1896, for said lands. The petition further sets up that the taxes for the year 1896 were not included in the purchase, and were not paid by Garner and Brown. On October 28, 1898, relators made application to the respondent to pay or redeem the taxes upon said land, and tendered $166.25 for that purpose, and prayed that a certificate of error be issued against the deed to Garner and Brown. The respondent refused to accept the money or issue the certificate of error, whereupon relators brought this petition for a writ of *mandamus* to compel such action.

The answer admits the application, the payment of $100 by check drawn upon the Citizens' Commercial Savings Bank of Flint, the receipt of the subsequent check, the issuance of the deed to Garner and Brown, and the refusal to issue the certificate of error. The answer further sets up a receipt for $100 given by the then auditor general, November 30, 1896, in accordance with the application, and avers that said checks became at once, on receipt thereof, part

of the public funds, were without delay deposited in the state treasury, and credited to the public fund known as the "Auditor General's Deposit;" that it has for a long period of years been the custom in that department to receive personal checks on banks, tendered by responsible applicants, and to treat the same as cash.

*Bacon & Palmer* (*William T. Bope*, of counsel), for relators.

*Horace M. Oren*, Attorney General, for respondent.

GRANT, C. J. (*after stating the facts*).   1. It is urged that the writ of *mandamus* will not lie against respondent, because the action was wholly within his discretion and judgment. No such discretion is lodged in the auditor general. When one has complied with the law in applying to purchase state lands, he is entitled to his deed or patent. When a void deed has been issued, and the original owner applies to the auditor general, tenders the full amount of taxes due, and demands a certificate of error, he is entitled to it, and the auditor general cannot refuse it. *Mandamus* is the proper remedy to compel performance, and determine the validity of the reasons for refusal.

2. Relators are not in position to question the method of payment between the auditor general and tax-title purchasers. The auditor general saw fit to accept the check in payment. It was paid, and the deed issued. This point is ruled by *People* v. *Commissioner of State Land Office*, 19 Mich. 470.

3. It is urged that, the deposit of $100 November 30th being more than sufficient to pay the taxes due on the first description, Garner and Brown were entitled to deeds for the descriptions in the order named in the application, under *People* v. *Commissioner of State Land Office*, 23 Mich. 270. That case applies only to selections of lands under some law or grant from the government. It does not apply to purchasers. *Webster* v. *Newell*, 66 Mich.

503. This application was to purchase certain parcels of land. There was nothing in it or outside it to indicate that Garner and Brown intended to take one piece if they could not get all. The application was treated as an entirety; for the next day they completed their right, as they supposed, by paying the balance due. The purchase was not, therefore, completed until December 2d, when the second check was received by the respondent. At that time the taxes of 1896 had become a lien, and should have been paid, to entitle Garner and Brown to a deed. *Hughes* v. *Jordan*, 118 Mich. 27.

The writ will issue, but without costs.

The other Justices concurred.