---

COCKBURN v. AUDITOR GENERAL.

| 120 | 643 |
| f122 | 152 |
| 120 | 643 |
| 123 | 512 |
| 120 | 643 |
| 127 | 554 |
| 120 | 643 |
| 143 | ¹627 |
| 120 | 643 |
| 149 | ¹230 |

1. TAXES—PURCHASE OF STATE LANDS—NONPAYMENT OF LIENS—VOID DEED.

Under section 84 of the tax law of 1893, requiring a purchaser of state tax lands to pay all taxes remaining a lien thereon at the time of his purchase, a deed issued without the payment of such a tax is void, even though the tax had not been returned to the office of the auditor general at the time of such purchase. *Hughes* v. *Jordan*, 118 Mich. 27, followed.

2. SAME—CANCELLATION OF DEED — REFUNDING — NEW PURCHASE—MANDAMUS.

The holder of a deed of state tax land, void for failure to pay a tax constituting a lien upon the land at the time of purchase, is entitled, on application at the office of the auditor general, to have such deed canceled and the amount paid refunded, or instead, if no other rights have intervened, on paying an

amount which, together with that previously paid, will equal
the amount due the State and all taxes then a lien upon the
land, to have such deed canceled and a new one issued; and,
in case the auditor refuses to take such action, *mandamus*
will lie to compel him to do so.

*Mandamus* by George A. Cockburn to compel Roscoe
D. Dix, auditor general, to cancel a tax deed and issue a
new one. Submitted February 15, 1899. Writ granted
July 11, 1899.

*James H. McFarlan*, for relator.

*Bacon & Palmer, amici curiæ.*

*Horace M. Oren*, Attorney General, and *Fred A. May-
nard*, ex-Attorney General, for respondent.

*Stephen H. Clink, amicus curiæ.*

MOORE, J.   On February 12, 1898, the petitioner made
a written application to the auditor general to purchase
the land in question, and paid to the auditor general, with
such application, the sum of $236.18.   On March 11, 1898,
the auditor general executed a deed to the petitioner, con-
veying the land in question for the taxes of 1894, and
issued tax receipts for the taxes of 1895 and 1896.   On
July 28, 1898, the petitioner, in order to complete the pur-
chase of said land, paid to the auditor general $72.10, the
amount of taxes of 1897 assessed upon said land, for
which tax the auditor general issued a receipt to him for
$71.62, and returned the balance of 48 cents.   August 3,
1898, the petitioner made application for the cancellation
of the deed and receipts issued to him, and for refunding
thereon, and with such application paid to the auditor
general the sum of $81.30, and asked that the refunding
upon the deed and receipts, and the amount paid with the
application of August 3d, be applied to the purchase of
the land, and that a new deed issue therefor; which was
refused by the auditor general, and *mandamus* is asked
for to compel the cancellation of the first deed and the

issue of a new deed on the last application.  The auditor general refused to issue this deed on the ground that, as the taxes of 1897 had not been returned to his office, they were not included within the terms of the tax law, and the purchaser was not obliged to pay them as a condition precedent to the issuing of the deed, and that such sale was valid; and, in fact, seeks to have the case of *Hughes* v. *Jordan*, 118 Mich. 27, overruled by this court.

The case of *Hughes* v. *Jordan* has been reargued.  We have had the benefit of most excellent briefs by the attorney general and by a number of other able lawyers. We are all agreed that the decision in that case must stand.  Under that decision, the deed issued to the petitioner was void, and should be so treated in this proceeding.  The amount paid to the auditor general when this deed was issued, supplemented by the payment of $72.10, equaled the amount due the State and the amount of taxes which were then a lien upon the land.  The petitioner asked the auditor general to apply these amounts as a payment for the land.  If no intervening rights accrued between the dates of these payments, the request should be complied with, and the deed should be issued; and it is so ordered.

The other Justices concurred.