CITIZENS' SAVINGS BANK OF DETROIT *v.* AUDITOR
GENERAL.

1. TAXATION—DEED OF STATE TAX LANDS—VALIDITY—RIGHTS OF
SUBSEQUENT APPLICANT.

A deed of State tax lands is void where the purchaser failed to
pay all taxes remaining a lien thereon at the time of his pur-
chase, and any other person is entitled to purchase the lands,
and to enforce his right to a conveyance thereof by *manda-
mus*.

2. SAME—REDEMPTION FROM SALE—LIMITATIONS—CONSTITUTIONAL
LAW—TITLE TO ACT.

The title to Act No. 229, Pub. Acts 1897, viz., "An act to
amend" the general tax law of 1893, entitled, etc., "by add-
ing thereto four sections, * * * providing for the giving
of notice by tax purchasers to the occupants or persons hav-
ing title to or interest in such lands of the fact of such sale,
and providing the terms upon which such occupant or other
person interested in such lands may obtain reconveyance
thereof," is not broad enough to cover the provisions of sec-
tion 143, that persons failing to redeem within the six months
limited by the act shall be barred from questioning the valid-
ity of the sale, and such section is therefore void.

*Mandamus* by the Citizens' Savings Bank of Detroit to
compel Roscoe D. Dix, auditor general, to cancel a certain
tax deed, and to issue one to relator. Submitted January
3, 1900. Writ granted March 27, 1900.

*Bacon & Yerkes*, for relator.

*Horace M. Oren*, Attorney General (*Joseph Barton*
and *James H. McFarlan*, of counsel), for respondent.

HOOKER, J. The relator purchased certain premises
on August 5, 1897, and took possession. They had been
previously bid off to the State for the taxes of 1894. On
December 9, 1897, McFarlan purchased the land from the
auditor general, and on February 7, 1898, he received an

auditor general's deed for the taxes of 1894. At the time of McFarlan's purchase, the taxes of 1895, 1896, and 1897 were unpaid, and a lien upon the land. Soon after September 22, 1898, McFarlan paid to the auditor general the unpaid taxes for 1895 and 1896, but did not pay the taxes of 1897. On October 13, 1899, the relator applied to purchase the land for the taxes of 1894, 1895, 1896, and 1897, and paid to the auditor general the requisite amount, and accompanied it with a demand that he cancel the deed to McFarlan. He refused to convey the land to relator, or cancel McFarlan's deed, upon the ground that he was advised that the statutory notice under Act No. 229, Pub. Acts 1897, had been served, and that the period of six months provided for reconveyance upon tender had expired. We are asked for a *mandamus* to compel action by the auditor general.

The conveyance to McFarlan was void, because not made in compliance with the requirements of law. *Hughes* v. *Jordan*, 118 Mich. 27 (76 N. W. 134); *Hubbard* v. *Auditor General*, 120 Mich. 505 (79 N. W. 979); *Wilkin* v. *Keith*, 121 Mich. 66 (79 N. W. 887); *Cockburn* v. *Auditor General*, 120 Mich. 643 (79 N. W. 931). Under repeated decisions, any other person was entitled to purchase said lands on compliance with the law; and relator is no exception, unless cut off by the provisions of the act cited. The title to this act is "An act to amend an act entitled," etc., "by adding thereto four sections, * * * providing for the giving of notice by tax purchasers to the occupants or persons having title to or interest in such lands of the fact of such sale, and providing the terms upon which such occupant or other person interested in such lands may obtain reconveyance thereof." This is a restricted title, and the act is intended to give the owner or mortgagee a right to redeem lands after a valid sale. Under a void sale he would not ordinarily need such right of redemption. It also provides the terms upon which he may redeem. The title contains no hint that the bill was intended to introduce a limitation, and

the act should have been confined to the objects stated in the title. Counsel argue that, had this provision been introduced in the original title, this provision would have been germane. We may, for the purposes of the argument, concede this, and add that it would have been so in the amendatory act, had the title ended without attempting to explain the nature of the amendments. But the title was restricted by this language, which cannot, as suggested by counsel, be treated as surplusage. This section 143 contains provisions that are not only beyond the natural limits of the title, but are directly antagonistic to its spirit. The title professes to enlarge the rights of the landowner by allowing a period after sale for redemption, not alone to those who do not need it, but to those who, because of the regularity of the proceedings, do need it. The section attempts to make a short period of limitation against all owners of land sold for taxes, whether the sales are valid or not, and in favor of parties out of possession as well as those in possession. The amendatory act is broader than the title, and the section (143) is therefore void. Cooley, Const. Lim. (6th Ed.) 177.

The writ will issue as prayed.

The other Justices concurred.