O'CONNOR *v.* AUDITOR GENERAL.

127   553
149   231

STATE TAX LANDS—SALE—NONPAYMENT OF TAX LIENS—VOID
SALE—SUSPENSION OF LIEN.

> The rule invalidating a deed of State tax land for failure to pay
> all taxes remaining a lien thereon at the time of purchase, as
> required by section 84 of the tax law (Act No. 262, Pub. Acts
> 1899), does not apply where a sale had been made for the
> only tax as to which such default could be claimed, which
> sale, though void, was not set aside until after the purchase
> from the State; section 73 of said act having the effect to
> suspend the lien of the State for the tax underlying the first
> sale during the time that such sale remained uncanceled.

*Mandamus* by William O'Connor to compel Perry F.
Powers, auditor general, to cancel a tax deed and refund
the purchase money. Submitted May 7, 1901. Writ
denied July 10, 1901.

*Thomas, Cummins & Nichols,* for relator.

*Horace M. Oren,* Attorney General, for respondent.

MONTGOMERY, C. J.     Relator purchased the land
described in the petition at the auditor general's office on
December 13, 1899.     Deed was issued August 1, 1900.
At the time of his purchase there did not appear to be any
other taxes remaining a lien on the property, but the sale
to Mr. Keith was afterwards determined by the auditor'
general to be void, and his deed was canceled.     The deed
was canceled on the ground that no proof of publication
was filed; but the deed was void for the further reason
that, when Mr. Keith purchased, the tax of 1896 was a
lien, and was not paid by him.     Relator has made proper
application for refunding, which has been refused by the
auditor general, and he now asks *mandamus* to compel
this action.

The contention of relator is that, as the sale to Keith was void, the taxes earned by that deed remained a lien upon the land, and that, as they were not exacted of relator, his title fails, and he is entitled to have his deed canceled and the money refunded. A deed issued as was that of Keith has been said to be void. *Hughes* v. *Jordan*, 118 Mich. 27 (76 N. W. 134); *Cockburn* v. *Auditor General*, 120 Mich. 643 (79 N. W. 931). But this expression must be understood as having reference to the validity of the deed as to those asserting claims to the land under the circumstances stated in the cases cited. It does not follow that when a sale has been made through inadvertence by the auditor general, and a deed given, so that upon the face of the record no lien appears against the land up to a given date, a sale may not be made for the taxes of subsequent years which is valid and effectual to convey a title, subject only to a reassessment of the taxes, or an enforcement and collection thereof. Section 73 of the statute as amended (Act No. 262, Pub. Acts 1899) provides:

"If a sale made under this act is set aside by any court or is canceled by the auditor general as provided in this act, the auditor general shall refund to the purchaser the amount paid at the time of the sale, with interest thereon at the rate of six per cent. per annum from the time of the purchase to the time when said sale was set aside or canceled, out of the general fund of the State. In such case the auditor general shall charge back to the county all taxes, and the interest and charges thereon, for all years for which it has been held that the taxes were invalid or the description erroneous, but for all years for which no invalidity has been found he shall proceed to enforce the collection of the taxes for all years refunded as herein provided, as in the case of taxes for which sale has not been made."

This section indicates that a sale which is subject to be set aside suspends the lien of the State, which is only revived when the sale is set aside. As the State could not proceed to collect these taxes until the sale to Keith was set

aside, it cannot, we think, be said that the taxes "remained" a lien on the land, within the meaning of section 84.

The writ will be denied.

The other Justices concurred.