FLINT LAND CO. *v.* AUDITOR GENERAL.

TAX DEEDS—CERTIFICATE OF ERROR—AUTHORITY OF AUDITOR GENERAL.

> Under section 98, subd. 1, of the tax law of 1893 (1 Comp. Laws, § 3921), authorizing the auditor general to issue a certificate of error against a tax deed in case the land was not subject to taxation at the date of the assessment of the taxes for which it was sold, the auditor has no power to issue such certificate solely on the ground that the assessment erroneously included reassessed taxes for a former year.

*Certiorari* by the Flint Land Company, Limited, to review the action of Perry F. Powers, auditor general, in issuing a certificate of error against a tax deed. Submitted June 3, 1903. (Docket No. 9.) Certificate vacated June 23, 1903.

*McFarlan & Wilson*, for plaintiff.

*George W. Bridgman*, for defendant.

MONTGOMERY, J. This is *certiorari* to review the action of the auditor general in issuing a certificate of error against a tax deed issued to relator on a sale of the land involved for taxes, pursuant to a decree of the circuit court for Berrien county, in chancery.

On April 18, 1901, a deed was made by the auditor general to the Flint Land Company, Limited, of land in the city of St. Joseph described as commencing 44 feet east of the northwest corner of lot 192, and running thence east on Ship street 22 feet; thence southerly, at right angles with Ship street, 66 feet; thence westerly, parallel with Ship street, 22 feet; thence northerly to place of beginning,—for taxes assessed thereon in the year 1895; and at the same time a certificate of purchase was issued for taxes assessed thereon in 1896, and the taxes for the year 1898 were paid; making the total consideration for said land $563.39. It now appears that the sale for the taxes of 1895 also included certain taxes for the year 1893, which were assessed in the year 1893 against property described as "22 ft. by 66 ft., west of east 66 ft. by 66 ft. of lot 192, city of St. Joseph." These taxes assessed in 1893 had been charged to the county by the auditor general for the reason that the description was indefinite. In like manner the sale for the taxes of 1896 contained taxes for 1889 and 1892 that had been assessed against an indefinite description, but undoubtedly the same land purchased by the plaintiff.

Application was made to the auditor general for a certificate of error against said deed, and several reasons

were alleged in favor of granting such certificate; one being that the land was not subject to taxation at the date of the assessment of the taxes for which it was sold, for certain sums included with the taxes which were returned for 1895 and 1896, and that, said sale being made for a total sum for taxes of 1895 and 1896, and for each of said years that were included in the return, in excess of authority, such sale was in contravention of the provisions of the general tax law, and is for that reason void. Objection was also made that the 1896 tax included some few cents interest on a reassessed tax. Objection was also made that a certain tax is mentioned as "R. R. J. Tax." Also objection is made that certain taxes originally assessed as bridge tax are reassessed as viaduct tax. Another objection is made that in the published list for 1895 the reassessed taxes of 1893 and the regular tax of 1895 were included together, and advertised under the head "1895 Taxes;" that is, the publication did not specify that a part of the 1895 tax was a reassessed tax of 1893.

The auditor general issued a certificate of error against the deed upon payment of $277.87, on the ground that the land was not subject to taxation, and presumably the balance of the $563.39 was charged to the county; and this action is brought to review his decision. The Flint Land Company, Limited, having served the statutory notice upon G. Hilton Scribner, of Yonkers, N. Y., owner of the property, and as the six months would expire before a final decision could be arrived at by this court, it has been stipulated that the owner shall have the right to pay the statutory amount at any time within 30 days after the final determination of the case.

Since the action taken by the auditor general in this case, our decision in Cole v. Auditor General, 132 Mich. 262 (93 N. W. 890), has been handed down. It will be apparent from a reading of that decision that the action of the auditor general had in this case cannot be sustained, unless it be under the authority conferred by the first subdivision of section 98 of the tax law (1 Comp. Laws, §

3921) to vacate a sale in case "the land so sold was not subject to taxation at the date of the assessment of the taxes for which it was sold." It is argued that as the assessment of 1895 included an item for reassessed taxes of 1893, and as it appears that there was no jurisdiction to assess the tax of 1893 against this land at that time ( *i. e.,* in 1895), the land was not, as to those taxes, subject to their assessment, and the auditor general has authority under this section to set aside the proceeding. We cannot assent to this view. The taxes were *in fact* assessed against the property in question in 1895. At that time the land in question was subject to assessment. If we were to hold that the decree of the chancery court might be vacated by the auditor because there was included this item of taxes, it is difficult to conceive why the auditor general may not in any case review a decision of the court, and determine whether an item is included which the authorities had not the authority in the first instance to assess against the property in question. Such a view leaves out of account the binding force of the decree of the chancery court. Notice that a decree is asked for an aggregate amount is given. On the day of hearing, it is incumbent on the taxpayer to appear and assert any defense that may be open to him, and the defense in this case would have been that there was included in this aggregate an item which was included in the amount without authority of law. No such defense was attempted. This decree the auditor general cannot disturb.

The provisions of section 98 of the general tax law were first enacted by Act No. 136, Laws 1863. That statute was construed by this court as early as 1874, in the case of *People, ex rel. Rice,* v. *Auditor General,* 30 Mich. 12. It appeared in that case that certain ditch taxes, which made up the larger part of the tax for which the land was sold, were illegally assessed. It was sought to compel the refunding of the tax. The court, in construing this provision, said, "If the land was subject to assessment, and if taxes had been actually assessed, whether legally or

illegally, and no attempt had been made to ascertain and pay them, no provision was made for refunding." This authoritative construction should be read with section 98 of our present tax law, and would be decisive if the question were more doubtful.

The action of the auditor general must be vacated and held for naught. As the question involved is one of public interest, no costs will be awarded.

The other Justices concurred.