### WATKINS *v.* FULLER.

1. TAXATION—LAND OWNED BY STATE EXEMPT.

Where State's title to land bid off for delinquent taxes became absolute, and land was deeded to State by auditor general under provisions of section 127 of general tax law then in force (1 Comp. Laws 1915, § 4126), land was thereafter exempt from taxation.

2. SAME—TAX TITLE—PURCHASER ENTITLED TO REFUND WHERE TAX ILLEGAL.

Where taxes were illegally assessed against lands deeded to State by auditor general under provisions of general tax law, assignee of purchaser of tax title from State is entitled to have such taxes canceled and money paid for tax deeds refunded to him.

3. SAME—STATUTE OF LIMITATIONS.

  Statute of limitations in general tax law (1 Comp. Laws 1929, § 3490), runs from date of acknowledgment in writing by auditor general of receipt of purchase money for tax deed, and not from date money was paid for taxes illegally assessed.

Mandamus by Arthur L. Watkins, assignee, against Oramel B. Fuller, Auditor General, to compel refund of taxes paid on lands to which the State held title. Submitted April 4, 1933. (Calendar No. 37,011.) Writ granted December 5, 1933. Rehearing denied January 30, 1934.

*Arthur W. Penny,* for plaintiff.

*Patrick H. O'Brien,* Attorney General, and *M. Thomas Ward,* Assistant Attorney General (*William Brunner,* of counsel), for defendant.

POTTER, J. Plaintiff seeks mandamus against the auditor general commanding him, upon delivery of three tax deeds issued by him as auditor general to George E. Luther, February 1, 1929, covering lands and premises in Iosco county, Michigan, hereafter more particularly described, for unpaid taxes for the year 1918, and quitclaim deeds from Luther and wife to petitioner of the lands, to cause to be refunded to petitioner the sum of $1,273.38 with interest at six per cent. per annum from February 1, 1929, and upon the delivery of other tax deeds issued by him as auditor general to George E. Luther, July 17, 1926, covering lands and premises in Iosco county and quitclaim deeds of said lands from Luther and wife to petitioner, to cause to be refunded to petitioner the sum of $315.62 with interest thereon at six per cent. per annum from July 17, 1926, to date of such refund.

The facts involved are not seriously in dispute. June 20, 1867, Francis B. Smith and others, then

owners of land situated in Iosco county, Michigan, described as "that fractional part of government lot 1, section 10, township 23 north, range 9 east, lying along the westerly or right bank of the Au Sable river and extending from the north line of section 10, south 80 rods and bounded on the west by the north and south quarter line of said section 10," platted the same as the original plat of the village of Au Sable, which plat was recorded in the office of the register of deeds of that county, July 9, 1867; the plat containing one block 2 only, lying between River street and the Au Sable river, the southern portion of which block was divided by the plat into eight lots, numbered 1 to 8, inclusive, the northern portion of the block was left vacant and unplatted, so far as division into lots was concerned. September 2, 1884, Mary Buckley, the owner of the northerly and unplatted portion of said block 2, platted the same into lots numbered 9 to 28, inclusive, under the designation of "The north part of block No. 2 of Au Sable, Johnson's survey, plat of 1867, on the right bank of Au Sable river in fractional section No. 10, town 23 north, range 9 east."

By Act No. 456, Local Acts 1889, the village of Au Sable was incorporated as a fourth-class city. By Act No. 435, Local Acts 1895, certain territory was detached from the city of Au Sable and attached to the township of Au Sable. The incorporation of the city of Au Sable was vacated as a result of a special election held October 5, 1931, pursuant to Act No. 223, Pub. Acts 1931.

From the platting of the lots above described they were assessed for taxation, and January 1, 1907, and subsequently were delinquent for taxes for five years or more, as appeared by the records in the auditor general's office, and such lands had been sold and

bid off to the State one or more times by reason of delinquent taxes. The time of redemption from such tax sales had expired. No application had been made to pay the delinquent taxes, redeem from the tax sales made, or to purchase the premises. No action was pending in the circuit court of Iosco county to set aside the taxes or to remove the cloud on the title occasioned thereby. The title to such lands had become absolute in the State, and the auditor general and commissioner of the State land office determined the lands came within the provisions of section 127 of the general tax law then in force (1 Comp. Laws 1915, §4126), and the auditor general transferred the lands by deed to the commissioner of the State land office as coming within the provisions of section 127 of the general tax law, which several deeds of these lots were subsequently recorded. Such lands continued to be owned by the State until 1919 and 1925, when the State, by two deeds, conveyed lands as follows by deed to Herman F. Sterling, November 19, 1919, "lots 10, 11, 18, 19, and 20" and by deed to Charles F. Lowe and Irvin S. Canfield, August 20, 1925, lots "12, 13, 14, 15, 16, 17, 21, 22, 23, 24, 25, 26, and 27 of block 2 of the city of Au Sable."

During the period from 1907 to 1919 and 1925, when the State sold its title to these lands as above described and set forth, and while the same were exempt from taxation, the State of Michigan continued to levy and assess taxes against the same and the lands and premises were sold for such delinquent taxes, aggregating the amounts which plaintiff asks to have refunded, and the lands were sold at tax sale based upon the taxes levied and assessed against the same while they were the property of the State of Michigan and not taxable, for the aggregate sum of $1,589, to George E. Luther.

Plaintiff is a successor in interest—an assign—of George E. Luther. Defendant claims plaintiff is not entitled to relief because he is an assignee of the claim and is barred from relief by the statute of limitations. Upon a valid tax sale the assignee of the certificate of sale is entitled to a conveyance of title (1 Comp. Laws 1929, §§ 3464, 3475); and plaintiff as an assignee of the original purchaser is recognized by statute. The five-year statute of limitations (1 Comp. Laws 1929, § 3490) exempts lands not subject to taxation at the date of assessment of the taxes for which it was sold. *Plank* v. *Auditor General,* 192 Mich. 313.

It is claimed the statute of limitations runs from the date of the payment of the money by plaintiff's grantor, not from the date of the tax deeds issued by the auditor general. All the tax deeds issued contained a recital that "in consideration of the premises and the payment of the purchase money above mentioned the receipt whereof is hereby confessed and acknowledged." Such acknowledgment of the receipt of the purchase money was in writing, signed by the auditor general and sufficient under 3 Comp. Laws 1929, § 13984, to constitute an acknowledgment of the receipt of the money, suspend the running of the statute of limitations, and imply a new promise of payment. The statute of limitations runs from the date of the acknowledgment in writing by the auditor general of the receipt of the purchase money, not from the date the money was paid.

George E. Luther and wife as grantors conveyed by quitclaim deed their interest to plaintiff, and by reason of such taxes made the basis of the tax deeds to George E. Luther having been illegally assessed and the lands having been sold and deeded to Luther, and Luther and wife having quitclaimed to plaintiff, plaintiff has the right to have such taxes canceled

and the money paid for the tax deeds from the State to George E. Luther refunded to him, except as barred by the statute of limitations; $315.62 of plaintiff's claim with interest thereon is so barred. Plaintiff is entitled to have refunded to him by the auditor general the sum of $1,273.38 with interest at 6 per cent. from February 1, 1929. The writ will issue as prayed for payment of that amount, but without costs.

McDonald, C. J., and Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred. Clark, J., took no part in this decision.