## SMITH *vs.* McADAM *et al.*

Trespass having been brought against the agents of the Michigan Southern Railroad Company, for erecting a fence on lands which had been taken from plaintiff, and occupied by the State for the purposes of the Railroad, and for which taking, provision had been made by the Legislature, for compensation to the owner, but of which he had never availed himself; *held*, that the State acquired the right to the land for the purposes of the road, which right passed to the Company under their charter, and that the Company's agents were protected in building fences on the land for the use of the road.

Case reserved from Lenawee Circuit.

*P. Morey*, for plaintiff.

Neither the State nor the Company could acquire any title to the lands of individuals, or any easement, or right of way even, except upon strict compliance with the Constitution and Laws. (*See Const. of* 1835, *Art.* 1, § 18; *Ib. of* 1850,

Smith *vs.* McAdam *et al.*

*Art.* 15, § 9; *Art.* 18, § 14; *Sess. L. of* 1837, 197, § 15; *Ib.* 1839, 196–7, § 24; *Ib.* 1840, 97, § 16; *Ib.* 1842, 123–4, § 2; *Ib.* 1843, 153, § 1; *Ib.* 1844, 15, § 1–2; *Charter of R. R. Co., Sess. L.* 1846, 171, 172, *and* 182, *last part of* § 8; *Cushman* vs. *Smith, Supreme Court of Maine; Livingston's Law Magazine for May,* 1853, *and cases cited; Bloodgood* vs. *The Mohawk & Hudson R. R. Co.,* 18 *J. R.* 9; 3 *Hill,* 567; *The People* vs. *White,* 11 *Barb. S. C.* 26.)

Even if the State had taken all the steps required by the Constitution and Laws, and made actual payment, it only acquired an easement for public use, and upon the sale to the Company, the land reverted to the owner of the fee. (*People* vs. *White,* 11 *Barb. S. C.* 26.)

' *Baker & Millerd,* and *H. H. Emmons,* for defendants.

From the several statutes relative to the right of way, and compensation, &c., (see statutes above cited by plaintiff's counsel,) the company acquired the right to use the land in question for the purposes of their road, and the plaintiff is barred of his claim for damages. The statute of 1837 required the owner to prefer his claim within one year; and if he neglected to do so, *his interest in the premises* used, and *in the damages* arising from the use, was to be deemed surrendered. (*Sess. L.* 1837, 197; *and see* 6 *Hill,* 359.) When the statute of 1839 repealed that of 1837, the right of the State was perfect, and the repeal of the former law could not divest it without express provision therefor. (*Dwar. on Stat.* 675; *Porter* vs. *Hawley,* 5 *Eng.* 194; 1 *How.* [*Miss.*] 193, 183; 2 *Dev.* 374; 6 *Ohio,* 397; *Couch* vs. *McKee,* 1 *Eng.* 484.)

The statutes under which the Company claims are constitutional. (*Rubottom* vs. *McClure,* 4 *Blackf.* 505; *Hawkins* vs. *Lawrence,* 8 *Ib.* 266; *Kimball* vs. *Whitewater Canal Co.,* 1 *Carter,* 285; *McCormick* vs. *Lafayette, Ib.* 48; 12 *Pick.* 482; *Whitewater Canal Co.* vs. *Ferris,* 2 *Cart.* 331; 3 *Metc.* 380; *Rogers* vs. *Bradshaw,* 20 *J. R.* 735; *Lyon* vs.

*Jerome,* 15 *Wend.* 570; *Bloodgood* vs. *M. & H. R. R. Co.,* 18 *Wend.* 9; *Baker* vs. *Johnson,* 2 *Hill,* 342; *People* vs. *Hayden,* 6 *Ib.* 359; *People* vs. *Canal Comr's,* 5 *Denio,* 401; *Rexford* vs. *Knight,* 15 *Barb. S. C.* 627; *Swan* vs. *Williams,* 1 *Gibbs,* [*Mich.*] 442; *Bonaparte* vs. *Cam. R. R. Co., Bald. C. C. R.* 221; *Mason* vs. *Kennebec R. R. Co.,* 31 *Maine,* 215; *Cushman* vs. *Smith,* 34 *Maine,* [*Red.*] 247; *Ligatt* vs. *Commonwealth,* 19 *Penn.* [*Harris*] 456; 17 *Ib.* 526, *Yost's Report; People* vs. *Wells,* 12 *Ill.* 102, 8; *Bradly* vs. *N. Y. & N. H. R. R. Co.,* 21 *Conn.* 304; *Mercer* vs. *McWilliams, Wright's* [*Ohio*] *R.* 132; *Bates* vs. *Cooper,* 5 *Ham.* [*Ohio*] *R.* 115; *Mayor &c.* vs. *Scott,* 1 *Penn. St. R.* 309; *Jackson* vs. *Winn,* 4 *Little,* [*Ky.*] 323; *Cashwell's Heirs* vs. *McIlvoy,* 1 *A. K. Marsh,* [*Ky.*] 84; *Willard* vs. *Hamilton,* 6 *Ohio,* 454; *Raleigh R. R. Co.* vs. *Downs,* 2 *Dev. & B.* 451; *Symonds* vs. *Cincinnati,* 14 *Ohio,* 10 *Howard,* 644; *Hickey* vs. *Stewart,* 3 *Ib.* 750; 10 *Ib.* 348; 10 *Ib.* 609.)

The statute having provided for the assessment of damages in all cases where property has been appropriated under the act, no action at common law can be maintained, and this independently of the act of 1837. (*Stowell* vs. *Flagg,* 11 *Mass.* 364; *Stevens* vs. *Middlesex Canal Co.,* 12 *Ib.* 467; *Boston Mill Co.* vs. *Newman,* 12 *Pick.* 467; *Sudbury Co.* vs. *Canal Co.,* 23 *Ib.* 47; *Dodge* vs. *Comr's, &c.,* 3 *Metc.* 380; *Taylor* vs. *Co. Comr's,* 13 *Ib.* 449; *Kimble* vs. *W. W. C. Co.,* 1 *Carter,* 283; *City of Oswego* vs. *Canal Co.,* 2 *Seld.* 258; *and see* 10 *Barb. S. C.* 365; 4 *Comst.* 195; 6 *Barb. S. C.* 318.)

By the Court, GREEN, P. J.

The principles of law laid down in the case of the People *ex rel.* Green *vs.* the Southern Railroad Company, decided at the present term of this Court, determine the question reserved by the Circuit Judge in this case.

By the proceedings set forth in the case certified for the opin

ion of this Court, the Michigan Southern Railroad Company obtained a right of way over and through the lands of the plaintiff, so as to authorize the defendants, acting as the servants of said Company, to enter upon the premises in question, to erect a fence for the purpose of protecting the track of said Railroad from being obstructed by cattle or other animals.

The land was taken and fully occupied and possessed by the State through its officers, for the purposes of the railroad, in the year 1838; the Legislature having previously made provision for the determination and payment of a just compensation to the owner therefor, of which he never saw fit to avail himself. The State having thus acquired the right to the land for the purposes of the road, it passed to the Michigan Southern Railroad Company under their charter for the same purpose, and protected the agents and servants of the corporation in building fences thereon for the protection of the road.

Let it be certified to the Circuit Court for the County of Lenawee accordingly.