### GORMAN v. CALHOUN CIRCUIT JUDGE.

1. PROHIBITION—GARNISHMENT PROCEEDINGS—DEFAULT.

Prohibition will not lie to restrain the further prosecution of garnishment proceedings in which default and interlocutory judgment against the garnishee defendant has been entered for want of disclosure and the cause referred to the court to determine the amount of the judgment to which plaintiff is entitled.

2. MANDAMUS—GARNISHMENT—DEFAULT.

Mandamus will not lie to compel a circuit judge to set aside an order denying a motion to set aside a default and reference in garnishment proceedings on failure to disclose.

Petition by John J. Gorman against Joel C. Hopkins, circuit judge of Calhoun county, for a writ of prohibition to restrain further proceedings in a garnishment suit, or for a writ of mandamus to compel respondent to vacate an order denying a motion to set aside an order of default. Submitted February 7, 1905. . (Calendar No. 20,923.) Application denied May 22, 1905.

*Tarsney & Fitzpatrick*, for relator.
*Williams & Beck*, for respondent.

PER CURIAM. The facts in this matter, so far as necessary to an understanding of the determination by this

court, are as follows: On the 14th day of September, 1904, one William I. Fell began suit in assumpsit in the Calhoun circuit by the filing of a declaration against one James N. Riley as principal defendant, and on the same day filed an affidavit for and caused a writ of garnishment to be issued against the relator as garnishee defendant, returnable at the court-house in the city of Marshall on the 3d day of October, 1904. On the 15th day of September, 1904, the writ of garnishment was served on relator at the city of Detroit. On the 21st of September relator caused notice to be given to the said William I. Fell, through his attorneys of record, of a motion made in the circuit court for the county of Calhoun for an order quashing service of the said writ of garnishment upon relator for the reason, among others, that the court had no jurisdiction, inasmuch as it appeared that the principal defendant and the garnishee defendant were not residents of the county of Calhoun, and that service upon the defendants was not within the county of Calhoun, and that service of the writ of garnishment and the affidavit therefor was had upon the garnishee defendant, John J. Gorman, in the county of Wayne; the relator contending that the garnishment proceedings against him were brought and prosecuted under the provisions of section 10629, 3 Comp. Laws, as amended by Act No. 60 of the Public Acts of 1901. Upon the 17th day of October, 1904, the motion to quash was overruled. Thereafter an application was made to this court for a writ of mandamus to compel the circuit judge to set aside the order overruling the motion to quash, which application was denied for the reason that mandamus was not the proper remedy, as the facts appeared in that application. On the 19th day of November, relator, through his attorneys, filed in the office of the clerk of the circuit court for the county of Calhoun, and served upon the attorneys for the plaintiff, a plea in abatement to the jurisdiction of the circuit court over the person of relator in said garnishment proceedings. On the 24th day of December, 1904, plaintiff's attorneys served notice on relator's attorneys that on Thursday, the

29th of December, they should ask that the default of the garnishee defendant be entered for a failure to file a disclosure, and that on presentation of the motion they should treat the plea in abatement "as an appearance in said cause, for the reason that the same is pleaded by attorney, and not in proper person, whereby the jurisdiction of the court is admitted."

On January 3, 1905, the circuit judge entered an order that the default of the garnishee defendant, for want of disclosure and interlocutory judgment against him, be entered; referring it to the court to determine the amount of the judgment to which the plaintiff should be entitled. On the 9th day of January, relator, through his attorneys, appearing specially, moved the court for an order setting aside his default as garnishee, which said motion was denied; the said respondent, the circuit judge, holding "that by the filing of said plea the said petitioner admitted the jurisdiction of said circuit court over his person, and admitted the jurisdiction of said circuit court in said cause, and as such garnishee defendant, and that thereafter, and within the time limit therefor, the said petitioner has not filed a disclosure in said cause in accordance with the law."

Relator asks (1) that a writ of prohibition be issued by this court, commanding respondent to desist and refrain from further proceedings in said suit; or, (2) if the court shall not grant the said writ of prohibition, relator prays that writ of mandamus issue to respondent, commanding him to annul and set aside the order heretofore entered by him, denying relator's motion to set aside the order of default and reference against him made and entered on the 9th day of January, 1905, and likewise directing the said circuit judge to annul and set aside the order heretofore entered by him defaulting petitioner for failure to file disclosure in said garnishment proceedings, made and entered on the 3d day of January, 1905.

Neither of the remedies applied for by the petitioner is appropriate to the case, and the application is denied, with costs.