PORT HURON SAVINGS BANK *v.* St. CLAIR CIRCUIT JUDGE.

1. Prohibition—Propriety—Adequate Ordinary Remedy.
   The writ of prohibition is an extraordinary writ, and will not be granted while the petitioner has a complete and adequate remedy by some other proceeding.

2. Same.
   A writ of prohibition restraining the circuit court from proceeding with a chancery case on the grounds that complainant has an adequate remedy at law, that it elected to pursue its remedy at law by bringing an action which is still pending, that the case should be tried at law as directed by a previous opinion of this court, and that, as the statute forbids the discontinuance of an action at law where the defendant has pleaded set-off, the chancery court has no jurisdiction to restrain the action at law, is denied; all the reasons urged being questions which can be raised by usual and ordinary methods.

Petition by the Port Huron Savings Bank against Eugene F. Law, circuit judge of St. Clair county, and the Supreme Tent Knights of the Maccabees of the World for a writ of prohibition to restrain certain proceedings in chancery. Submitted January 30, 1906. (Calendar No. 21,525.) Writ denied March 26, 1907.

*Stevens, Graham & Stevens* and *John B. McIlwain,* for relator.

*Lincoln Avery* and *P. H. Phillips* (*D. D. Aitken* and *De Vere Hall,* of counsel), for respondents.

PER CURIAM. Application for a writ of prohibition. In 1902 the Supreme Tent Knights of the Maccabees of the World brought suit by declaration in assumpsit against the Port Huron Savings Bank to recover certain moneys claimed to be due by reason of its treasurer, Charles D. Thompson, having transferred its funds to the credit of the bank of which he was also assistant cashier. A bill of particulars was filed by plaintiff. Defendant bank pleaded the general issue and gave notice of set-off with a bill of particulars of the same. This case was tried before Hon. Eugene F. Law, circuit judge, who directed a verdict for plaintiff for the sum of $56,263. The case was removed to this court by defendant bank, reversed, and a new trial ordered. [137 Mich. 627.] Afterwards, and while that case was still pending in said circuit court, the Supreme Tent Knights of the Maccabees of the World, plaintiff therein, filed a bill in said circuit court in chancery against said bank and Charles D. Thompson as defendants for an accounting between the parties, and, upon giving a proper bond for a stay of all proceedings in the suit at law, defendant Thompson answered said bill. Defendant bank filed a plea to the jurisdiction setting up the commencement, prosecution, judgment, appeal, reversal, order for a new trial, and pendency of the suit at law. This plea, upon a hearing, was overruled, and complainant ordered to elect whether it would proceed in chancery or in the action at law, and, in case it elected to proceed in chancery, the suit at law to be dismissed by a proper order to be entered therein, and defendant bank was required to answer the bill of complaint within 10 days after notice of such election. Complainant elected to proceed with the hearing of the case in chancery. The action at law was not discontinued. The bank then appealed to this court

from the order overruling its said plea. Complainant moved to dismiss said appeal for the reason that the order or decree appealed from was not a final order. This motion was granted. Pending the appeal complainant entered the default of defendant bank for not answering the bill within the ten days prescribed by said order.

Both the action at law and the case in chancery are now pending in said circuit court. In this proceeding defendant bank asks for a writ of prohibition from this court enjoining and restraining said circuit judge and said complainant from further proceeding with said chancery suit, for the following reasons:

(*a*) That complainant has a complete and adequate remedy at law.

(*b*) That it elected to pursue its remedy at law and is estopped from proceeding in chancery.

(*c*) Combines the reasons given in *a* and *b* and concludes that the court in chancery has no jurisdiction.

(*d*) That the case should be tried in an action at law; as directed by this court. (This refers to the opinion by this court, rendered upon the reversal of the action at law, and which contained instructions to guide the court upon a new trial.)

(*e*) That a statute forbids the discontinuance of an action at law where defendant has pleaded set-off (see section 10081, 3 Comp. Laws), and the court sitting in chancery has therefore no jurisdiction to restrain said action at law.

(*f*) That petitioner has no adequate remedy except by writ of prohibition.

The writ of prohibition is an extraordinary writ, and will not be granted where the petitioner has a complete and adequate remedy by some other proceeding. *People* v. *Wayne Circuit Court,* 11 Mich. 393; *Hudson* v. *Judge of Superior Court of Detroit,* 42 Mich. 239; *Nichols* v. *Judge of Superior Court of Grand Rapids,* 130 Mich. 189. All the reasons urged by petitioner why this writ should issue are above stated. Applying this general rule which governs the court in granting or withholding writs of prohibition, it is evident that petitioner can raise all of

these questions by usual and ordinary methods which provide complete and adequate protection in the premises, provided nothing is done which waives the right to raise such questions.  *Cosgrove* v. *Wayne Circuit Judge*, 144 Mich. 682, and cases cited.

This rule as to granting or denying these writs is the same as in mandamus cases.   It is not necessary to discuss the propositions of law relied upon by petitioner in advance of their submission to the circuit court.

For the reason given the writ of prohibition is denied.