TRIANGLE LAND CO. *v.* AUDITOR GENERAL.

1. PROHIBITION—OTHER ADEQUATE REMEDY.
    The writ of prohibition is an extraordinary judicial writ,
    directed to an inferior judicial tribunal, or to an inferior
    ministerial tribunal possessing incidental judicial powers and
    known as a quasi judicial tribunal; or it may isssue against
    a purely ministerial body, commanding it to cease abusing
    or usurping judicial functions.

2. SAME.
    It will not issue to restrain acts of an administrative or minis-
    terial character, or in a case where the petitioner has another
    adequate remedy.

3. SAME—TAXATION—CERTIFICATE OF ERROR.
    Accordingly the writ may not be obtained to prohibit the aud-
    itor general from issuing a certificate of error against a tax
    title held by petitioner who had commenced ejectment on
    the strength thereof: the remedy being to question the valid-
    ity of such certificate of error in the action at law.
    172 MICH.—19

Prohibition by the Triangle Land Company against
Oramel B. Fuller, auditor general of the State of Michigan, to restrain the issuance of a certificate of error as to
certain tax deeds.  Submitted July 22, 1912.  (Calendar
No. 25,218.)  Writ denied October 2, 1912.

*Albert De Camp* and *Frederick E. De Camp*, for
relator.

*Franz C. Kuhn*, Attorney General (*Charles W. McGill*, of counsel), for respondent.

BROOKE, J.  Relator prays that a writ of prohibition
issue against respondent prohibiting him from issuing a
certificate of error, and canceling a certain tax deed.  The
facts set up in the petition are summarized by counsel for
relator as follows:

" At the regular county tax sale the property in question
was bid in to the State in May, 1904.  Mary F. Wright
purchased from the State, and obtained tax deed dated
June 1, 1905.  Mary F. Wright on December 23, 1905,
caused to be personally served the statutory tax notice for
reconveyance on John C. Ryan, who was then the grantee
in the last recorded deed in regular chain of title, and the
notice with return of service thereon was filed with the
county clerk December 27, 1905.  Mary F. Wright quitclaimed to petitioner November 29, 1909; the tax deed and
quitclaim deed being recorded February 21, 1910.  Petitioner made demand for possession December 15, 1909, of
John C. Ryan and Cora Ryan, who were in possession of
the property, and the possession was refused by said
parties.

" On March 31, 1911, petitioner filed declaration as commencement of suit in ejectment, copies of which were on
April 5, 1911, served on the defendants John C. Ryan
and Cora Ryan.  Said suit in ejectment is awaiting its
turn for trial on the present Saginaw circuit court calendar.  On March 31, 1911, petitioner had recorded and
filed a *lis pendens* covering said lands.  No amount was
ever paid or deposited for a reconveyance, nor any action
whatever taken to contest the tax sale until May 10, 1912.

" On May 10, 1912, application to the auditor general,

Oramel B. Fuller, was made by R. L. Crane for certificate of error and cancellation of said tax sale and tax deed in name of John C. Ryan and Cora Ryan, and a statement of an ex county treasurer was submitted to the auditor general as proof that application to pay the tax had been made to the county treasurer more than 15 years before the date of the statement. On May 16, 1912, petitioner exhibited to auditor general said tax deed, certified copy of tax notice filed, abstract of title and affidavit of demand for possession and refusal, but the auditor general, against request of petitioner, stated his intention to issue the certificate of error and cancellation."

The only reason urged by relator in its petition why said writ should issue is that:

"If the auditor general carries out his threatened action, your petitioner will be irreparably injured and without a remedy."

We are of opinion that relator has mistaken its remedy. The writ of prohibition is an extraordinary judicial writ ordinarily directed to an inferior judicial tribunal, or to an inferior ministerial tribunal possessing incidental judicial powers, and known as a "quasi judicial tribunal." In extreme cases it is said it may issue against a purely ministerial body, commanding it to cease abusing or usurping judicial functions. The restraining of acts of an administrative or ministerial character is not within the province of the writ. 32 Cyc. p. 598 *et seq.*

It will not issue where the petitioner has a complete and adequate remedy by some other proceeding. *Port Huron Sav. Bank* v. *St. Clair Circuit Judge,* 147 Mich. 551 (111 N. W. 202). In a contest between the commissioner of the State land office and the auditor general (131 Mich. 147 [91 N. W. 153]) the writ was issued. The question of the propriety of the remedy, however, is not discussed in the opinion. That the validity of the certificate of error, which the respondent proposes to issue, may be questioned in the ejectment proceedings now pending in which relator is plaintiff, is, we think, clear. *Vetterly*

v. *McNeal*, 129 Mich. 507 (89 N. W. 441). In our opinion this writ should not issue to control the acts of a purely ministerial officer.

The writ is denied.

MOORE, C. J., and STEERE, MCALVAY, STONE, OSTRANDER, and BIRD, JJ., concurred.