ROGERS *v.* WAYNE CIRCUIT JUDGE.

1. PROHIBITION—WILL NOT ISSUE WHERE QUESTION INVOLVED MAY
   BE DECIDED ON MOTION TO DISMISS.

   A writ of prohibition will not issue to prohibit a circuit
   judge from further proceeding in a suit to restrain the
   acquisition and construction of a railroad right of way
   through a highly restricted residential district on the
   theory that said suit is a proceeding *in rem* and may not
   be maintained because brought in the county of plaintiff's
   residence rather than in the county where the property
   involved is located, since said question may be decided
   on motion to dismiss, and finally disposed of on appeal
   to the Supreme Court.

2. SAME—NOT ISSUABLE WHERE ADEQUATE REMEDY BY OTHER PRO-
   CEEDING AVAILABLE.

   The writ of prohibition is an extraordinary writ and
   should not and will not be granted where the petitioner
   has an adequate remedy by some other proceeding.

Prohibition by Frank F. Rogers, State highway
commissioner, and others against De Witt H. Merriam,
circuit judge of Wayne county, to enjoin injunction
proceedings.    Submitted August 17, 1928.    (Calendar
Nos. 33,991-33,993.)    Writ dismissed August 22,
1928.

*Wilber M. Brucker*, Attorney General, *K. F. Clardy*,
Assistant Attorney General, and *H. Victor Spike*, for
plaintiffs.

*Atkinson, O'Brien & Clark* (*Raymond M. Shock*, of
counsel), for defendant.

FELLOWS, J.    Marguerite Dunnebacke, a resident
of Wayne county, filed a bill in the Wayne circuit court,
in chancery, on August 3, 1928, against the Detroit,

Grand Haven & Milwaukee Railway Company, H. W. Nelson Company, and Frank F. Rogers, State highway commissioner. The material allegations are that she is owner of a contract interest in a lot in Birmingham Gardens subdivision in Troy township, Oakland county, which subdivision is residential property with rigid restrictions; that proceedings are being carried on by defendants to acquire and construct a right of way for the railroad for the purpose of complying with the contract provided for by Act No. 340, Pub. Acts 1927; that such right of way is being constructed through the subdivision; that if constructed she will be deprived of her reciprocal negative easements arising out of the building and other restrictions on the subdivisions which are property, are valuable, and have not been acquired from her. She seeks injunctive relief only. On filing the bill a temporary restraining order was issued by Judge Merriam together with an order to show cause returnable August 14th. Other bills of similar purport were filed, followed by similar orders.

On August 9th, counsel for the plaintiffs in the respective cases, together with a representative of the attorney general's department, were called together by Judge Merriam for the purpose of seeing if the matter could be "ironed out." No motions to dismiss the bills were filed, no motions to vacate the restraining orders were filed. There was much discussion, but no results. No further order was entered by Judge Merriam. The petition in this case was then filed for a writ of prohibition, prohibiting Judge Merriam from further proceeding in the cases. Answer has been filed herein and hearing had.

Before taking time to consider the important questions involved in this litigation, we should determine whether they are properly before us. It is insisted by the attorney general that the bills filed in the Wayne circuit may not be maintained because they are pro-

ceedings *in rem* and should be brought in Oakland county where the property is situated.   It is insisted by the attorneys for the landowners that these actions are *in personam* and may be maintained in the county where the parties reside.   Upon a motion to dismiss, filed in the court below, this question may be there decided, and, upon appeal to this court from such decision, we may finally dispose of it.   Manifestly, that court has the power, the jurisdiction, to decide the question.   The cases there pending are injunction cases pure and simple, they belong to the class of cases that court has jurisdiction to hear and dispose of.   The writ of prohibition is an extraordinary writ and should not and will not be granted where the petitioner has an adequate remedy by some other proceedings.   In *People* v. *Wayne Circuit Court,* 11 Mich. 393 (83 Am. Dec. 754), it was held (quoting from the syllabus):

"The writ of prohibition can not be issued to restrain any action of inferior courts which can be reviewed by any of the ordinary methods."

And in *Hudson* v. *Judge of Superior Court,* 42 Mich. 239, it was held (likewise quoting from the syllabus):

"A writ of prohibition is a common-law preventive against the encroachment, excess or improper assumption of jurisdiction, and can only be resorted to in clear cases and where other remedies are ineffectual. It may lie at the suit of one or more parties on either side to restrain the action of the court so far as it exceeds its jurisdiction and thereby affects the petitioner; but it is a discretionary writ and will not be granted unless it appears that the petitioner has vainly applied for relief to the court against which he wishes it to issue."

These cases have been constantly followed by later decisions of this court; among them see *Nichols* v. *Judge of Superior Court,* 130 Mich. 187; *Gorman* v. *Calhoun Circuit Judge,* 140 Mich. 230; *Port Huron*

*Savings Bank* v. *St. Clair Circuit Judge,* 147 Mich. 551; *Triangle Land Co.* v. *Auditor General,* 172 Mich. 289; *Consumers Power Co.* v. *Iosco Circuit Judge,* 210 Mich. 572.

The petition will be dismissed.    As the questions involved are of public importance, no costs will be allowed.

NORTH, WIEST, MCDONALD, and POTTER, JJ., concurred.    FEAD, C. J., and CLARK and SHARPE, JJ., did not sit.