BOYCE *v*. BAY CIRCUIT JUDGE.

1. PROHIBITION—OTHER ADEQUATE REMEDY AVAILABLE.
   The writ of prohibition is an extraordinary writ and should not and will not be granted where the petitioner has an adequate remedy by some other proceeding.

2. SAME—TRANSFER OF CAUSES—DISQUALIFICATION OF JUDGES.
   Discretionary writ of prohibition is denied petitioner where same result may be accomplished by dismissal of application for transfer of cause to court of another circuit in view of fact that court of original jurisdiction is now presided over by judge not shown to be disqualified.

3. COSTS—PROHIBITION.
   Costs are denied upon denial of petition for writ of prohibition where neither party has prevailed nor called the court's attention to the prevailing issue.

Petition for writ of prohibition by Edith M. Boyce against Louis C. Cramton, Circuit Judge sitting in Bay Circuit Court, to restrain him from hearing a divorce case. Submitted February 11, 1936. (Calendar No. 38,765.)   Writ denied March 2, 1936.

*Kinnane & Manary,* for plaintiff.

*Emil Anneke* and *Dell H. Thompson,* for defendant.

BUSHNELL, J.   This petition for writ of prohibition offers an opportunity for a discussion of the statutes relating to the transfer of causes, 3 Comp. Laws 1929, §§ 13999–14006; the power of a disqualified judge while application for transfer is pending and the authority of the presiding judge of the State under Act No. 104, Pub. Acts 1925 (3 Comp. Laws

1929, §§ 13765–13767), in such a situation. We restrain our desire to explore this field of the law because the office of circuit judge of the eighteenth judicial circuit is no longer occupied by Judge Houghton, who was claimed to be disqualified, but by his successor in office, Judge McCormick.

There is no longer any need for Judge Smith of the adjoining circuit, the thirty-fourth, to pass upon the matter, nor for Judge Cramton of the fortieth circuit to sit in the cause. The entire question has therefore become moot.

"The writ of prohibition is an extraordinary writ and should not and will not be granted where petitioner has an adequate remedy by some other proceedings." *Rogers* v. *Wayne Circuit Judge,* 243 Mich. 703, and cases therein cited.

The writ is one of discretion and will be denied when the same result can be accomplished by the petitioner in causing her application for transfer to be dismissed, thereby returning the cause to the court of original jurisdiction, presided over by a judge who is not shown by the record to be disqualified.

Neither party having prevailed and neither having called this court's attention to the controlling issue, we will, in the exercise of our discretion, deny all costs. The writ is denied.

North, C. J., and Fead, Wiest, Butzel, Edward M. Sharpe, Potter, and Toy, JJ., concurred.