WARNSHUIS v. STATE BOARD OF REGISTRATION IN
MEDICINE.

1. PROHIBITION—DISCRETIONARY WRIT.

A writ of prohibition is not one to which a person has an absolute right.

2. SAME—OTHER AVAILABLE REMEDIES.

A writ of prohibition will not issue to restrain the action of an inferior court which has jurisdiction if the issue can be determined upon appeal.

3. OFFICERS—ADMINISTRATIVE BOARDS—ASSUMPTIONS.

It is not to be assumed that an administrative board will act contrary to law.

4. PROHIBITION—JURISDICTION OF SUBORDINATE TRIBUNAL.

A writ of prohibition lies where a subordinate tribunal has no jurisdiction at all to deal with the cause or matter before it, or where, in the progress of a cause within its jurisdiction, some point arises for decision which the inferior court is incompetent to determine.

5. PHYSICIANS AND SURGEONS—STATUTES—ADVERTISING—GROSSLY IMPROBABLE STATEMENTS. .

Terms of statute empowering board of registration in medicine to revoke a certificate of registration of any person guilty of grossly unprofessional and dishonest conduct in that he, in advertising medical business, makes grossly improbable statements *held*, to have a definite and well-recognized meaning (2 Comp. Laws 1929, § 6739).

6. CONSTITUTIONAL LAW—DELEGATION OF POWER—GROSSLY IMPROBABLE STATEMENTS—ADVERTISING BY PHYSICIAN AND SURGEON.

Delegation of power of determination of what are grossly improbable statements, as used in statute permitting revocation of certificate of registration for practicing medicine, *held*, properly vested in board of registration in medicine, since it would be impossible for the legislature to enumerate all of

the specific statements which might be grossly improbable and such matters can best be left to those who have the education and experience for determination (2 Comp. Laws 1929, § 6739).

7. PROHIBITION—DETERMINATION BY BOARD OF REGISTRATION IN MEDI-
   CINE—GROSSLY IMPROBABLE STATEMENTS.
   Physician and surgeon who advertised, in 1936, that a certain antitoxin made it possible to bring about a complete recovery from tuberculosis, not only in mild forms of disease, but in far advanced cases, *held*, not entitled to writ of prohibition to bar board of registration in medicine from making determination of whether or not his certificate of registration should be revoked because of grossly unprofessional and dishonest conduct in making grossly improbable statements in advertising medical business (2 Comp. Laws 1929, § 6739).

Petition by Gerrit J. Warnshuis for a writ of prohibition to restrain the Michigan State Board of Registration in Medicine from proceeding with a hearing to determine right of petitioner to continue practice of medicine. Submitted June 16, 1938. (Calendar No. 39,073.) Writ denied October 3, 1938.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*Raymond W. Starr,* Attorney General, *Edmund E. Shepherd* and *Milton G. Schancupp,* Assistants Attorney General, for defendant.

SHARPE, J. Plaintiff prays for a writ of prohibition to restrain the respondent board from proceeding with a statutory hearing to determine whether or not his license to practice medicine should be revoked or suspended. The facts are not in dispute. It appears that plaintiff is a resident of the city of Detroit and a duly licensed physician and surgeon associated with the Koch Cancer Clinic. On or about May 1, 1936, petitioner caused to be written, printed

and circulated a pamphlet, the first page of which reads as follows:

"Can  Tuberculosis  be  Cured?
Gerrit  John  Warnshuis,  M. D.
First Edition."

And on the flyleaf the following appears:

"Can  Tuberculosis  be  Cured?
A  Study  of  Two  Hundred  and
Seventeen  Cases  Treated  with
Koch  Synthetic  Anti-Toxin  by
Gerrit  John  Warnshuis,  M. D.

---

KOCH  CANCER  CLINIC
8181 E. Jefferson
Detroit, Mich."

On page seven of the pamphlet appears the following:

"The Koch antitoxin makes it possible to bring about a complete recovery from tuberculosis, not only in mild forms of disease, but in far advanced cases that would otherwise be given up as hopeless."

On May 19, 1936, the respondent issued and served upon petitioner a notice to appear before the Michigan State board of registration in medicine at its meeting to be held June 10, 1936, to show cause why his license to practice medicine, surgery and midwifery should not be revoked or suspended for violation of that part of Act No. 237, Pub. Acts 1899, as amended (2 Comp. Laws 1929, § 6739 [Stat. Ann. § 14.533]), which reads as follows:

"Sixth. The board of registration of medicine may refuse to issue or continue a certificate of registration or license provided for in this section, to any person guilty of grossly unprofessional and dishonest conduct. The words 'unprofessional and dis-

honest conduct,' as used in this act, are hereby declared to mean: * * *

(d) All advertising of medical business in which grossly improbable statements are made.''

On June 2, 1936, petitioner filed a petition for writ of prohibition and on June 11, 1936, an order to show cause was entered by this court. In the answer filed by respondent to the order to show cause, it is shown that on June 11, 1936, the board conducted a partial hearing on the complaint against petitioner. It is the claim of petitioner that the portion of 2 Comp. Laws 1929, § 6739, authorizing the revocation or suspension of a medical license because of advertising containing grossly improbable statements is unconstitutional and void; and that because of this fact the respondent board is about to exercise a discretion which has not lawfully been given to it while it is contended by respondent that a writ of prohibition should not issue to restrain the medical board from action pursuant to statutory authority; and that the delegation of authority to the medical board to determine what constitutes grossly improbable statements is proper.

There seems to be no dispute over the fact that a person does not have an absolute right to a writ of prohibition and that such a writ will not issue to restrain the action of an inferior court which has jurisdiction if the issue can be determined upon appeal. *People, ex rel. Campau,* v. *Wayne Circuit Court,* 11 Mich. 393 (83 Am. Dec. 754). Nor can we assume that an administrative board will act contrary to law. *Sullivan* v. *Michigan State Board of Dentistry,* 268 Mich. 427. The rule governing the issuance of such a writ is well stated in *Nichols* v. *Judge of Superior Court of Grand Rapids,* 130 Mich. 187. It is said:

''The writ of prohibition is the appropriate remedy only where the court is acting entirely without

jurisdiction or in clear excess of its jurisdiction. It is not applicable where the party has a complete and adequate remedy in some other and more ordinary form. * * * The principle is thus stated:

" 'The broad governing principle is that a prohibition lies where a subordinate tribunal has no jurisdiction at all to deal with the cause or matter before it, or where, in the progress of a cause within its jurisdiction, some point arises for decision which the inferior court is incompetent to determine. But a prohibition will not lie where the inferior court has jurisdiction to deal with the cause and with all matters necessarily arising therein, however erroneous its decision may be upon any point.' Heard's Shortt, Extraordinary Remedies (1st Am. Ed.), p. 436."

See, also, *Port Huron Savings Bank* v. *St. Clair Circuit Judge,* 147 Mich. 551; *Triangle Land Co.* v. *Auditor General,* 172 Mich. 289; *Behrendt* v. *Board of State Canvassers,* 269 Mich. 247.

Under the above authorities the issuance of the writ largely depends upon the unconstitutionality of the statute under which the registration board is acting. It is urged by plaintiff that the offense of placing statements in advertising of a grossly improbable nature is described in so vague and indefinite a manner that it is impossible for any physician to determine in advance whether any material contained in advertising is grossly improbable and leaves the determination of the offending nature of the act to the varying opinions and views of the board.

In *Dilliard* v. *State Board of Medical Examiners,* 69 Col. 575 (196 Pac. 866), it was held that the phrase "immoral, unprofessional or dishonorable conduct" as used in a statute as being conduct for which a board might revoke a license was sufficiently certain and definite. In *Hughes* v. *State Board of Medical Examiners,* 162 Ga. 246 (134 S. E. 42), the statute provided for revocation of licenses when the holder had been convicted of a crime "involving moral turpitude" and it was held that the phrase

"moral turpitude" was sufficiently definite as it has a fixed and definite meaning capable of being ascertained. In *People, ex rel. State Board of Health,* v. *Apfelbaum,* 251 Ill. 18 (95 N. E. 995), a statute was held not to be indefinite in making "unprofessional" or "dishonorable" conduct the basis for revocation of physicians' licenses.

See, also, *State, ex rel. Lentine,* v. *State Board of Health,* 334 Mo. 220 (65 S. W. [2d] 943).

In the note in 5 A. L. R. 94, it is said:

"The rule obtaining in the majority of the jurisdictions which have passed on the question is that a statute providing that the license of a physician, surgeon, or dentist may be revoked by the officers or board by which such licenses are granted, is not rendered uncertain or otherwise invalid because the grounds for revocation are therein stated in general terms."

See, also, *Semler* v. *Oregon State Board of Dental Examiners,* 294 U. S. 608 (55 Sup. Ct. 570).

In our opinion the terms used in the statute have a definite and well-recognized meaning. It would be quite impossible for the legislature to enumerate all of the specific statements which might be grossly improbable. The determination of what constituted "grossly improbable statements" can best be left to those who have the education and experience, such as the medical board. Such delegation of power is properly vested in the State board of registration in medicine.

The writ of prohibition is denied.

Wiest, C. J., and Bushnell, Potter, Chandler, North, and McAllister, JJ., concurred. Butzel, J., did not sit.