STATE BAR OF MICHIGAN *v.* INGHAM CIRCUIT JUDGE.

1. PROHIBITION—STATE BAR—ATTORNEYS—CHANCERY CASE.
    Where State bar, pursuant to statutory and court rule authority, was proceeding, through a grievance committee in Wayne county, with the investigation of conduct of a member on formal complaint duly filed and such member sought restraint thereof in circuit court in Ingham county, State bar was entitled to writ of prohibition restraining Ingham circuit judge from entertaining the chancery suit (Act No. 58, Pub. Acts 1935; Supreme Court Rules concerning the State Bar of Michigan [1935]).

2. COSTS—PUBLIC QUESTION—STATE BAR—PROHIBITION.
    No costs are allowed on petition for writ of prohibition to restrain a circuit court from entertaining a chancery suit against State bar which was theretofore proceeding with an investigation into the conduct of one of its members, a matter of public interest being involved (Act No. 58, Pub. Acts 1935; Supreme Court Rules concerning the State Bar of Michigan [1935]).

CHANDLER, STARR and BUSHNELL, JJ., dissenting.

Petition by State Bar of Michigan against Leland W. Carr, Ingham Circuit Judge, and Harold H. Em-

mons for a writ prohibiting the continuance of a suit in chancery. Submitted October 15, 1943. (Calendar No. 42,447.) Writ granted December 29, 1943. Rehearing denied April 7, 1944.

*George E. Brand,* for petitioner.

*Ernest C. Smith (Abram W. Sempliner, Hugh Francis* and *Lawrence Rothenberg,* of counsel), for defendant Emmons.

*Paul Weadock (Thomas H. Adams,* of counsel), for Detroit Bar Association, *amicus curiae.*

SHARPE, J. Petitioner, the State Bar of Michigan, filed a petition for a writ of prohibition to restrain Harold H. Emmons, a practicing attorney, from continuing with a certain chancery suit instituted by him in Ingham county and prohibiting Leland W. Carr, a circuit judge in said county, from taking any further proceedings under Emmons' bill of complaint and requiring him to enter an order vacating a restraining order issued by him on May 3, 1943.

A brief history of the alleged facts may prove helpful in determining the legal issues involved. George H. Cummings died on June 7, 1920, leaving a will. Harold H. Emmons and Nellie G. Rockafellow were appointed executors of the estate in July, 1920. An account of these executors was filed and allowed in December, 1924. Nellie G. Rockafellow died in January, 1925. Thereafter, Harold H. Emmons continued to administer the Cummings estate as the sole surviving executor. In August, 1930, Emmons organized and incorporated a Michigan nonprofit corporation under the name of George H. Cummings Corporation, but this name was later changed to George H. Cummings Foundation and will be hereafter referred to as the Foundation.

This corporation was formed in contemplation of transferring to it the assets of the Cummings trust for crippled children. The Foundation remained inactive and no assets of the estate were transferred to it until August, 1935. In June, 1935, Emmons filed a final account as "sole surviving executor and trustee." The order on this petition was entered August 7, 1935, and recited that the final account of Emmons was allowed and he was "discharged as such executor and trustee." The order further approved Emmons' designation of the George H. Cummings Foundation as the recipient of the fund.

On February 11, 1936, Emmons filed in the probate court a supplemental account covering March 31, 1928, to April 30, 1935. Thereafter, the court appointed Paul H. King as guardian *ad litem* of persons unborn, unascertained or legally incompetent to act in their own behalf in connection with the said trusts. On May 26, 1936, Paul H. King, as guardian, filed a bill of complaint against Emmons and the Foundation. This case was eventually appealed to the Supreme Court and we held (*King v. Emmons,* 283 Mich. 116 [115 A. L. R. 564]) that the prosecuting attorney of Wayne county was the proper person to maintain such a suit. The litigation was continued by the prosecuting attorney and on June 9, 1942, a stipulation was filed discontinuing the cause.

In April, 1940, the matter of Emmons' conduct in connection with the Cummings estate became the subject of an investigation by the grievance committee of the State Bar, third judicial circuit. On or about September 10, 1940, a formal written complaint against Emmons was filed with the committee by its secretary. The complaint alleged that Emmons had been guilty of professional misconduct and breach of his professional duty toward his client, George H. Cummings and his estate, and by

his conduct had violated the canons of professional ethics adopted by the State Bar.

In November, 1940, Emmons filed with the grievance committee his sworn answer to the charges made against him and moved for a dismissal of the proceedings. On December 7, 1942, the hearing on the complaint before the grievance committee was commenced. Emmons appeared in person and by his attorneys, testimony was taken and at its conclusion, Emmons again filed a motion to dismiss. On or about February 10, 1943, Emmons filed a petition to take further testimony and on February 20, 1943, the commissioners of the third judicial circuit directed the grievance committee to take the additional testimony. Such testimony was taken on March 18 and 29, 1943. On May 3, 1943, before the report of the grievance committee was delivered to the general chairman of grievances for inspection by the commissioners of the third judicial circuit, Emmons filed in the circuit court of Ingham county his bill of complaint against the State Bar of Michigan praying injunctive and declaratory relief against the State Bar of Michigan and for a decree that (not quoted):

(a) The State Bar has no jurisdiction of the matters herein presented because they grow out of a private business enterprise and not out of any matters of legal business to be handled or administered by an attorney at law.

(b) The matters presented to the State Bar involve a private business enterprise of defendant, of which an accounting has been had and the proceedings therefor finally dismissed with prejudice by the court, whose decree is *res judicata.*

(c) All matters upon which the grievance complaint was founded are *res judicata* by reason of court decrees.

(d) The State Bar has no jurisdiction of the matters complained of because they were not such as were or could have been handled, operated or performed by an executor or testamentary trustee under the liquidating processes of the probate court, but, because of insolvency, could only be handled by one conducting a going business concern.

(e) Neither the State Bar nor its agencies or instrumentalities have the right or jurisdiction to pass upon disputes arising out of questions of legal interpretation, in a proceeding to discipline an attorney at law—but the same required the consideration and determination of a court of competent jurisdiction.

(f) The State Bar has no jurisdiction because all of the transactions complained of occurred prior to December 2, 1935.

(g) Equity and good conscience require that all of the matters involved be considered, in law and in fact, adjudicated and determined and not subject to collateral attack by the State Bar or any other person.

Upon the filing of the bill of complaint, the following order was entered by the trial court:

"On reading and filing the bill of complaint herein, it is ordered that the defendant, The State Bar of Michigan, show cause on Friday, May 14, 1943, at the opening of court on that day or as soon thereafter as counsel can be heard, why the prayer of the bill of complaint, for a temporary injunction, should not be granted as prayed for.

"It is further ordered that until the further order of this court, the said defendant, the State Bar of Michigan, its agents, representatives, attorneys and committees refrain and desist from taking any action upon the complaint now pending against the plaintiff, Harold H. Emmons, or as to any of the matters set forth therein."

The State Bar did not file an answer or contest the issues raised by the bill of complaint filed in the Ingham circuit court, but did file the instant petition in the Supreme Court for a writ of prohibition and mandamus and asked for the following relief: that Emmons be prohibited from continuing with his chancery suit and that the circuit judge of Ingham county be required to enter an order vacating the restraining order of May 3, 1943, and dismissing the suit.

The first issue involved in this cause is the right of petitioner to a writ of prohibition. In *Scott* v. *Chambers,* 62 Mich. 532, we expressed the rule that when an inferior court exceeds its jurisdiction, it is a proper case for summary interference by mandamus or prohibition. In *Baskin* v. *Wayne Circuit Judge,* 236 Mich. 15, we held that a writ of prohibition is the appropriate remedy to determine which of two circuit courts asserting exclusive jurisdiction over a divorce suit has the right to proceed.

In *Nichols* v. *Judge of Superior Court of Grand Rapids,* 130 Mich. 187, we said:

"The writ of prohibition is the appropriate remedy only where the court is acting entirely without jurisdiction or in clear excess of its jurisdiction. It is not applicable where the party has a complete and adequate remedy in some other and more ordinary form.  *  *  *  The principle is thus stated:

" 'The broad governing principle is that a prohibition lies where a subordinate tribunal has no jurisdiction at all to deal with the cause or matter before it, or where, in the progress of a cause within its jurisdiction, some point arises for decision which the inferior court is incompetent to determine. But a prohibition will not lie where the inferior court has jurisdiction to deal with the cause and with all matters necessarily arising therein, however er-

roneous its decision may be upon any point.'   Heard, Shortt, Extraordinary Remedies, p. 436.''

See, also, *Warnshuis* v. *State Board of Registration in Medicine,* 285 Mich. 699.

The propriety of the issuance of the writ largely depends upon whether the circuit court of Ingham county acted without jurisdiction or in excess of its jurisdiction in assuming that the bill of complaint filed by Emmons presented a proper subject for declaratory judgment proceedings.   The bill of complaint filed in the circuit court does not seek to have that court conduct disbarment proceedings, but does seek a finding of facts and a declaration of their validity which could materially affect disbarment.

In speaking of the declaratory judgment law (3 Comp. Laws 1929, § 13903 *et seq.* [Stat. Ann. § 27.501 *et seq.*]), we said in *Village of Grosse Pointe Shores* v. *Ayres,* 254 Mich. 58:

"A requisite to the proceeding is an actual controversy over a specific issue to be set up in the pleadings, in order that a binding declaration of rights may be made thereon.   The proceeding is special, is not a substitute for the regular actions, and is not an exercise of general equity jurisdiction in which the court may grant consequential relief under a general prayer or upon general equitable considerations.''

In our opinion, Act No. 58, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 13603–1 *et seq.,* Stat. Ann. § 27.101 *et seq.*), authorizing the creation of the State Bar of Michigan, and the rules adopted by this Court (See 273 Michigan, pp. xxxv–xlv) provide a special statutory method for the determination of ethical questions of professional conduct on the part of attorneys.   At the time Emmons filed his bill of complaint in the chancery court of Ingham

county, the State Bar through its grievance committee had already instituted proceedings against Emmons which could lead to disciplinary action before three circuit judges as is provided in the rules. The State Bar had assumed jurisdiction of the cause. The relief prayed for in the bill of complaint filed by Emmons is a determination that the settlement made with the "Foundation" and the approval of his acts by certain probate court orders is *res judicata*. Such a determination, if found as sought by Emmons, would not be decisive of the issues involved in proceedings before the State Bar as the bill of complaint fails to show on its face that any disbarment or disciplinary matters were involved in the prior court suit or proceedings in the probate court.

Emmons also urges that the matters complained of in the disbarment proceedings represent business matters and not the practice of law. This is an issue that could be determined in disbarment proceedings in the event that the matter proceeds to the point where the circuit judges conduct a hearing on the report of the grievance committee of the State Bar.

In our opinion, there are two methods provided by law for disbarment or disciplinary proceedings against an attorney, either under the powers of the attorney general, 3 Comp. Laws 1929, § 13585, as amended by Act No. 171, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 13585, Stat. Ann. § 27.79), or under the State Bar act.

In *Central High School Athletic Ass'n* v. *City of Grand Rapids,* 274 Mich. 147, 152, we said:

"The co-draftsman of the uniform declaratory judgment act, Professor Borchard in his work 'Declaratory Judgments,' says at page 156:

"'Where, however, a special statutory method for the determination of the particular type of case has

been provided, it is not proper to permit that issue to be tried by declaration.' (*Kariher's Petition,* 284 Pa. 455 [131 Atl. 265].)''

In the case at bar, there are no issues involved in the bill of complaint filed by Emmons that could not be determined in the disbarment proceedings. It follows that the proper forum to determine these issues is one provided by law. The lack of jurisdiction in the chancery court clearly appeared from the bill of complaint. The order of May 3, 1943, restraining the State Bar from taking any action involving disbarment or disciplinary proceedings against Emmons was an improper exercise of the jurisdiction of a court of chancery and, where the lack of jurisdiction clearly appears on the face of the proceedings, it is not essential that such question be first raised in that proceeding.

In *Scott* v. *Chambers, supra,* we said:

''As the action of the court below appears to us a clear excess of jurisdiction, it is a proper case for summary interference by mandamus or prohibition, or both.''

In view of the fact that the trial court of Ingham county was in error in entertaining the bill of complaint filed by Emmons, the writ of prohibition will issue. No costs will be allowed as matters of public interest are involved.

BOYLES, C. J., and WIEST, J., concurred with SHARPE, J.

NORTH, J. Because the result is obviously just, I concur in granting the writ of prohibition; but I disapprove of the practice of applying to this Court for the writ before the controverted issue is presented to the trial court.

BUTZEL, J., concurred with NORTH, J.

CHANDLER, J. (*dissenting*). I am not in accord with Mr. Justice SHARPE's conclusion that the writ of prohibition should issue. He holds that the lack of jurisdiction in the court below clearly appeared from the bill of complaint. Such question of jurisdiction could have and should have been raised in the court below.

From the beginning of our decisions it has been held that the writ of prohibition should not be used to restrain any action of inferior courts which can be reviewed by any of the ordinary methods. *People, ex rel. Campau,* v. *Wayne Circuit Court,* 11 Mich. 393 (83 Am. Dec. 754).

In *Hudson* v. *Judge of Superior Court,* 42 Mich. 239, we held, p. 248:

"The writ of prohibition is a remedy provided by the common law to prevent the encroachment of jurisdiction. It is a proper remedy in cases where the court exceeds the bounds of its jurisdiction, or takes cognizance of matters not arising within its jurisdiction. It can only be interposed in a clear case of excess of jurisdiction, and may lie to a part and not to the whole. It simply goes to the excess of jurisdiction, and the application for the writ may be made by either the plaintiff or the defendant in the case, or if more than one, by either where the excess of jurisdiction affects him. It can only be resorted to where other remedies are ineffectual to meet the exigencies of the case. It is a preventive rather than a remedial process, and cannot, therefore, take the place of a writ of error or other mode of review. It must also appear that the person applying for the writ has made application in vain for relief to the court against which the writ is asked. The writ is not granted as a matter of strict right, but rests in a sound judicial discretion, to be granted or not according to the peculiar circum-

stances of each particular case when presented.  8 Bacon's Abridgment, tit. "Prohibition"; 3 Blackstone's Commentaries, p. 111; *Appo* v. *People,* 20 N.Y. 531; *People, ex rel. Karr,* v. *Seward,* 7 Wend. (N. Y.) 518; *Arnold* v. *Shields,* 5 Dana (35 Ky.), 18, 21 (30 Am. Dec. 669); *Washburn* v. *Phillips,* 2 Met. (43 Mass.) 296, 299; *Ex parte Hamilton,* 51 Ala. 62; *Blackburn, Ex parte,* 5 Pike (5 Ark.), 21, 22; High, Extraordinary Legal Remedies, §§ 773, 765.''

In *Rogers* v. *Wayne Circuit Judge,* 243 Mich. 703, Mr. Justice FELLOWS, speaking for the Court, followed these two cases, and held that prohibition will not be granted where the petitioner had an adequate remedy by some other proceeding.  And he cited the following cases of this Court as his further authority:  *Nichols* v. *Judge of Superior Court,* 130 Mich. 187; *Gorman* v. *Calhoun Circuit Judge,* 140 Mich. 230; *Port Huron Savings Bank* v. *St. Clair Circuit Judge,* 147 Mich. 551; *Triangle Land Co.* v. *Auditor General,* 172 Mich. 289; *Consumers Power Co.* v. *Iosco Circuit Judge,* 210 Mich. 572.

This was also the holding in *Nichols* v. *Judge of Superior Court, supra,* and in *Warnshuis* v. *State Board of Registration in Medicine,* 285 Mich. 699, both cited by Mr. Justice SHARPE, and was also followed in *Boyce* v. *Bay Circuit Judge,* 274 Mich. 575.

The case of *Scott* v. *Chambers,* 62 Mich. 532, cited by Mr. Justice SHARPE, has no application to the instant case.  There the circuit judge undertook to punish the relators for violating an injunction in another cause.  The order required relators to pay into court $6,100 within 40 days or give bonds to produce or stand committed indefinitely.  There had been a reference to a circuit court commissioner but no proofs were taken.  The reference was set aside and without further proofs the contempt punishment order was entered.  The granting of the writ

in this case of *Scott* v. *Chambers* is not authority for the position taken by Mr. Justice Sharpe.

In the instant case the question of jurisdiction could and should have been raised in the court below. Here the relator did not make application in vain for relief to the court against which the writ is asked. The writ of prohibition should be denied.

A public question being involved, no costs are allowed.

Starr and Bushnell, JJ., concurred with Chandler, J.